SAMUEL PILLSBURY *vs.* JONATHAN S. WILLOUGHBY.

*Tender.*

When money has been tendered before or after suit brought, the defendant, to keep his tender good, must bring it into court on the return day of the term at which the entry of the action, to which the tender applies, is made.

ON EXCEPTIONS.

The facts sufficiently appear in the opinion.

*Gould & Moore,* for the plaintiff.

*Rice & Hall,* for the defendant.

1. A plea of tender is an issuable plea in bar, and may be pleaded after a general imparlance.  *Kilwick* v. *Maidman*, 1 Burrows, 59; *Moore* v. *Smith*, 1 H. B. 369; 3 Chitty on Pl. 922; 2 H. B. 442.  In this State there is no distinction as to time of pleading a tender and any other plea in bar; but subject to Rule

VII, it may be pleaded at any time before trial.   R. S. of 1871, c. 77, § 3; Rule VIII. S. J. C.; *Hart* v. *Hardy*, 42 Maine, 196. Parties have the right to govern their practice, as to pleading, by the Rules, which are equally obligatory upon them and upon the court.   *Thompson* v. *Hatch*, 3 Pick. 512; *Maberry* v. *Morse*, 43 Maine, 176.

2. On a plea of tender the money is paid into court when the plea is filed.   2 Roll. Abr. 523; 6 Bac. Abr. 464; 5 Com. Dig. 635, 315; 2 Stark. on Ev. 778; 1 Esp. N. P. 300; Broom's Com. 200; 3 Black. Com. 303, note 19; 15 Petersdorf, 30; 1 Tidd, 622; 1 Crompton, 319; 1 Bouv. Inst. 324; 2 Kent's Com. 692; Story on Pl. 161; 2 Greenl. on Ev. 600; *Eddy* v. *O'Hara*, 14 Wend. 221; *Brooklyn Bank* v. *De Graw*, 23 Wend. 342; *Knox* v. *Light*, 12 Ill. 86; *Warren* v. *Nichols*, 6 Met. 261; Colby's practice, 216; *Woodcock* v. *Clark*, 18 Vt. 336.   The case of *Reed* v. *Woodman*, 17 Maine, 43, which is in conflict with these authorities, is founded upon *Pether* v. *Shelton*, 1 Strange, 328, which is not in point, and cannot sustain it.

APPLETON, C. J.   This is an action of assumpsit upon an account annexed.   It was entered at the September term, 1872, holden in this county and continued to the following December term.   On the fifth day of the last mentioned term the defendant, having obtained leave to plead double, filed a plea of *non assumpsit* as to a portion of the plaintiff's claim, and a tender of the residue before the commencement of the action, and with the plea brought into court the sum tendered and notified the plaintiff thereof.

The presiding justice ruled that the tender, to be available, should have been brought into court on the first day of the return term and minuted on the clerk's docket, and not having been so brought in, that the defendant could not avail himself of it.   To this ruling the defendant seasonably excepted.

It was decided in *Reed* v. *Woodman*, 17 Maine, 43, that when money had been tendered before or after suit brought, that the defendant to keep his tender good must bring it into court on the first day of the term at which the entry is made.

The learned and elaborate argument of the counsel for the defendant proves, or tends strongly to prove, that the rule of the common law as established in England and in most of the States of the Union differs from that adopted by the court of this State in *Woodman* v. *Reed*; that the plea of tender may by leave of court be filed at any time, and that it is in season if the money tendered be brought into court when the plea is filed.

When a tender has been made before action brought, it is somewhat immaterial what rule should be established as to the time when it should be brought into court; whether it should be when action is entered, or at a later period, and when the plea of tender is filed. But when a rule of practice has been established and acted upon for a long time, its change presents a very different question from that of its original adoption.

The decision in *Reed* v. *Woodman* has been uniformly adhered to since its promulgation. As a rule of practice, it is well understood by the profession. There must be a definite time fixed when money tendered is to be brought into court. Whether that time should be when the action is entered or when the plea of tender is filed, is of no consequence in advance of any rule, but the time being once fixed and determined by judicial decision, it is eminently a case where the rule of *stare decisis* should apply.

*Exceptions overruled.*

CUTTING, DICKERSON, DANFORTH, VIRGIN, and PETERS, JJ., concurred.